

# Fourth Court of Appeals
## San Antonio, Texas

March 1, 2019

No. 04-18-00547-CR

Desere Devine **DAVILA,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 569002
Honorable Jason Roland Garrahan, Judge Presiding

# A M E N D E D   O R D E R

We originally issued an order on January 8, 2019, setting a due date for the pro se brief and holding counsel's motion to withdraw in abeyance. However, we inadvertently failed to serve a copy of the order on appellant. Accordingly, we issue this amended order.

Appellant's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to raise on appeal. Counsel certifies he served copies of the brief and motion on appellant, informed appellant of her right to review the record and file hers own brief, and provided appellant with a form for requesting the record and explained to appellant the procedure for obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Nichols v. State*, 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). To date, appellant has not filed the form provided by his counsel.

If appellant desires to file a pro se brief, we **ORDER** that she do so on or before **April 1, 2019**. The State has filed a notice waiving its right to file a brief in this case unless appellant files a pro se brief. If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court.

We further **ORDER** the motion to withdraw filed by appellant's counsel held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that motion to withdraw should not be ruled on before appellate court independently

reviews record to determine whether counsel's evaluation that appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same).

We **order** the clerk of this court to serve a copy of this order on appellant, her appointed counsel, the attorney for the State, and the clerk of the trial court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of March, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court